UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PROSOURCE PERFORMANCE : <br> PRODUCTS; VITAMIN SHOPPE, INC.; : <br> NETRITION, INC.; DPS NUTRITION; : <br> SUPPLEMENT CENTRAL; PURUS : <br> LABS, INC.; JOHN'S LONE STAR : <br> DISTRIBUTION, INC.; : <br> I'LLPUMPYOUUP.COM; Al : <br> SUPPLEMENTS, INC.; WORLD CLASS : <br> NUTRITION; ALL STAR HEALTH; : <br> MUSCLE & STRENGTH, LLC; : <br> I-SUPPLEMENTS.COM; E-VITAMINS; : <br> SUPPZ INC.; LOCKOUT : <br> SUPPLEMENTS; SUPPLEMENT : <br> WAREHOUSE.COM, INC.; TF : <br> SUPPLEMENTS; FITRX.COM, INC.; : <br> VITACOST.COM; NUTRA HEALTH : <br> SUPPLY; and PLANETARY NUTRITION, : <br> : <br> Defendants. : <br> : | Civil Action No. 15-2037 (FLW)(LHG) <br><br> **OPINION** |

**WOLFSON, United States District Judge**:

This matter comes before the Court on a motion to stay or, in the alternative, dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), filed by Defendants Vitamin Shoppe, Inc.; Netrition, Inc.; DPS Nutrition; Supplement Central; Purus Labs, Inc.; John's Lone Star Distribution, Inc.; I'llPumpYouUp.com; Al Supplements, Inc.; All Star Health; Muscle & Strength, LLC; I-Supplements.Com; E-Vitamins; Suppz Inc.; Lockout Supplements; SupplementWarehouse.com, Inc.; TF Supplements; Fitrx.Com, Inc.; Nutra Health Supply; and

1

Planetary Nutrition (collectively "Defendants"),[1] seeking (1) a stay of this matter while the United States Patent and Trademark Office ("PTO") reexamines the patents at issue in this matter or, in the alternative; (2) dismissal of the Complaint filed by Plaintiff Thermolife International, Inc. ("Thermolife" or "Plaintiff") for failure to state a claim; and/or (3) dismissal of the Complaint for want of personal jurisdiction over defendants I'llPumpYouUp.com; A1 Supplements, Inc.; All Star Health; Muscle & Strength, LLC; I-Supplements.com; E-Vitamins; Suppz Inc.; Lockout Supplements; SupplementWarehouse.com, Inc.; TF Supplements; Fitrx.com, Inc.; Nutra Health Supply; and Planetary Nutrition (collectively "Foreign Defendants").

For the following reasons, Defendants' motion is granted in part and denied in part without prejudice. Specifically, Defendants' motion to dismiss for lack of personal jurisdiction over Foreign Defendants is denied without prejudice, and the parties shall have sixty (60) days from the date of the Order accompanying this Opinion to conduct jurisdictional discovery. Defendants' motion to stay this matter is granted in part with respect to claims asserted against defendants Vitamin Shoppe, Inc.; Netrition, Inc.; DPS Nutrition; Supplement Central; Purus Labs, Inc.; and John's Lone Star Distribution, Inc. Finally, Defendants' motion to dismiss for failure to state a claim is denied without prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are taken from the Complaint, except where noted. This is a patent infringement case (with additional counts claiming violation of the Lanham Act, False Marking

---

[1] On April 17, 2015, Plaintiff voluntarily dismissed its claims against defendants Prosource Performance Products; World Class Nutrition; and Vitacost.com without prejudice.

2

Act, and common law trademark rights) concerning six patents[2] for amino acid and betaine compounds owned by Thermolife:

- Patent No. 8,466,187 ("'187 Patent");
- Patent No. 8,569,368 ("'368 Patent");
- Patent No. 8,569,369 ("'369 Patent");
- Patent No. 8,952,047 ("'047 Patent");
- Patent No. 8,952,046 ("'046 Patent"); and
- Patent No. 8,952,045 ("'045 Patent").

Compl. at ¶ 2 (citations omitted). Thermolife combines these compounds to create an exercise supplement it calls "NO3-T." *Id.* at ¶ 72. Thermolife alleges that Defendants sell dietary supplement products under the brand names "NOXygen," "Condense," and "D-Pol" which infringe on one or more claims of the patents in suit. *Id.* at ¶ 28.

At the time the Complaint was filed, the PTO had granted a reexamination request for the '187 Patent. *Id.* at ¶ 3. In July 2015, while the instant motion was pending, the PTO also granted the reexamination request for the '046 Patent. Defendants' Reply Br. Ex. A. Requests for reexamination have been submitted to the PTO for the remaining four patents at issue in this matter, but the record does not reflect whether these requests have been granted or rejected. *See* Certification of Andrew S. Dallman, Esq., dated June 2, 2015 [hereinafter "Dallman Cert."], at ¶ 2.

In general, Plaintiff alleges that Defendants are infringing on its patents by manufacturing and selling dietary supplements which include ingredients that infringe on the claims of one or more of the patents in suit. Compl. ¶¶ 28, 36. On March 20, 2015, Plaintiff brought suit against

---

[2] Thermolife also asserts that Defendants have infringed "U.S. Patent Nos. 8,034,836 and 8,455,531, which are currently in re-examination or review before the United States Patent and Trademark Office." Compl. ¶ 59 (these patents are referred to herein as the "'836 Patent" and "'531 Patent," respectively). Plaintiff has stated in its Complaint that "at the appropriate time, Plaintiff intends to amend this Complaint to include allegations of infringement with respect to those patents." *Id.*

3

Defendants, alleging infringement of each of the above-listed patents (Count I-VI); false advertising and false designation of origin, in violation of the Lanham Act, U.S.C. § 1125(a)(1)(A), (B) (Count VII); common law trademark infringement (Count VIII); and violation of the False Marking Statute, 35 U.S.C. § 292 (Count IX).  On June 2, 2015, Defendants filed the instant motion seeking a stay of the matter pending the PTO's reexamination of the patents at issue or, in the alternative, dismissal of the complaint.

## II.  STANDARD OF REVIEW

### A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2).

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution."  *Id.* (citing N.J. Ct. R. 4:4-4(c)).

A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2).  The plaintiff has the burden to prove facts sufficient to establish personal jurisdiction by a preponderance of the evidence.  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 478 (D.N.J. 2009); *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 632 (D.N.J. 2004).  In deciding a Rule 12(b)(2), "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."  *Miller Yacht Sales*, 384 F.3d at 97; *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).  However, although a plaintiff is entitled to have its allegations treated as true and disputed facts construed in its favor, it still "'bears the burden to prove, by a preponderance of the

evidence,' that personal jurisdiction is proper." *Cerciello v. Canale*, 563 F. Appx. 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank*, 954 F.2d at 146). "To meet that burden, [the plaintiff] must 'establish[] jurisdictional facts through sworn affidavits or other competent evidence.'" *Id.* (citation omitted). "In other words, 'bare pleadings alone' are insufficient to withstand a motion to dismiss for lack of personal jurisdiction." *Id.* (citation omitted); *see also Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir.) (holding that a plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence; reliance on the bare pleadings is not enough."), *cert denied*, 498 U.S. 812 (1990). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay*, 334 F. Supp. 2d at 633 (citing *Mellon Bank (East) PFSF, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)).

### B. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create as high of a standard as to be a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit has required a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Generally, when determining a motion under Rule 12(b)(6), the court may only consider the complaint and its attached exhibits. However, while "a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004) (citation omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III. DISCUSSION
#### A. Motion to Dismiss Foreign Defendants for want of Personal Jurisdiction

Before considering the other arguments of Defendants' motion, the Court must first address whether it has personal jurisdiction over the Foreign Defendants. Plaintiff does not argue that

6

Foreign Defendants are subject to general jurisdiction in New Jersey; instead, Plaintiff argues that specific jurisdiction exists based on (1) the operation of "interactive" websites and (2) the "stream of commerce" theory.[3] Pl's Opp. Br. at 10-15.  For the reasons outlined below, this Court cannot determine from the record presented whether personal jurisdiction exists over Foreign Defendants. Accordingly, the motion to dismiss for lack of personal jurisdiction is denied without prejudice so that Plaintiff may conduct jurisdictional discovery as to whether Foreign Defendants sold any allegedly infringing products to customers within the State of New Jersey through their websites.

A federal court sitting in diversity must follow a two-step inquiry to determine personal jurisdiction: first, the court must apply the forum state's long-arm statute and, second, the court must apply the Due Process Clause of the United States Constitution.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998).  In this District, this inquiry is reduced to a single step because New Jersey's long-arm statute permits jurisdiction to the full extent of the Due Process Clause.  *Miller Yacht Sales*, 384 F.3d at 96; *IMO Indus.*, 155 F.3d at 59.  The Due Process Clause allows a court to exercise personal jurisdiction over a defendant if the defendant has "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In the absence of "continuous and systematic" contacts warranting the exercise of general jurisdiction, a plaintiff may rely on "specific jurisdiction" where the cause of action is related to, or arises out of, the defendant's contacts with the forum.  *IMO Indus.*, 155 F.3d at 259 (citing *Helicopteros*, 466 U.S. at 414 n.8).  In the context of an infringement suit, the Court of Appeals

---

[3] Because the parties will be allowed to conduct jurisdictional discovery with respect to whether personal jurisdiction exists based on Foreign Defendants' operation of the websites at issue, the Court will not address Plaintiff's argument that personal jurisdiction exists under the stream of commerce theory at this time.  If necessary, the Court will address that argument after the conclusion of jurisdictional discovery.

for the Federal Circuit applies a three-prong test to determine whether the exercise of specific personal jurisdiction satisfies due process in a patent case. Specifically, the existence of specific jurisdiction depends on whether:

> (1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair.

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1291 (Fed. Cir. 2009); *see also O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007); *Oticon, Inc. v. Sebotek Hearing Sys., LLC*, 865 F. Supp. 2d 501, 510 (D.N.J. 2011). "The first two factors correspond with the 'minimum contacts' prong of the Supreme Court's *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Here, Plaintiff argues that this Court has personal jurisdiction over Foreign Defendants under "website-based" jurisdiction, relying on the sliding-scale test set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). "Although the Federal Circuit has not explicitly embraced the so-called *Zippo Manufacturing* test, . . . it has indicated that the interactivity of a web-site is relevant to the personal jurisdiction analysis. *M2M Solutions LLC v. Simcom Wireless Solutions Co., Ltd.*, 935 F. Supp. 2d 740, 745 n.3 (D. Del. 2013) (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005)) (citations omitted). Courts routinely refer to *Zippo* test to analyze personal jurisdiction based on the operation of a website. *See, e.g.*, *Ackourey v. Sonellas Custom Tailors*, 573 F. Appx. 208, 211 (3d Cir. 2014) (referring to *Zippo* as the "seminal authority regarding personal jurisdiction based upon the operation of an Internet web site.") (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003)). The Third Circuit has explained:

8

> When analyzing Internet commerce cases, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. This sliding scale ranges from situations where a defendant uses an interactive commercial website to actively transact business with residents of the forum state (personal jurisdiction exists) to situations where a passive website merely provides information that is accessible to users in the forum state (personal jurisdiction does not exist). *Id.* To determine whether personal jurisdiction exists for situations between these extremes, we examine "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.*; *see Toys "R" Us*, 318 F.3d at 452.

*Ackourey*, 573 F. Appx. at 211-12.

While a web site may be viewed in a particular forum, that fact alone does not establish personal jurisdiction in that forum. *See Toys "R" Us,* 318 F.3d at 454. "[S]omething more" must be shown to prove that the defendant "purposefully availed itself of conducting activity in the forum state." *Id.* Plaintiff argues that Foreign Defendants' websites are interactive and targeted at New Jersey because New Jersey appears as a shipping option in drop-down menus on the websites, or is allowed to be manually entered as a shipping option:

> Thermolife has . . . systemically evaluated each foreign defendant's website from New Jersey and determined their interactive features, confirmed that the accused products are available for online purchase, and further confirmed the availability of shipping the accused products to New Jersey. . . . Each of the websites . . . allow New Jersey customers to make purchases through the site and ship products to New Jersey, and many order pages either automatically include "New Jersey" as an option in a "State" drop-down menu for shipping information or else permit a customer to enter a New Jersey address.

Pl. Opp. Br. at 13. However, the mere inclusion of the forum in a website's drop-down menu, without evidence of sales to residents of the forum, is insufficient to support the conclusion that Foreign Defendants specifically targeted that forum with their websites. *See Hershey Co. v. Pagosa Candy Co.*, No. 07-1363, 2008 U.S. Dist. LEXIS 29410, at *20-21 (M.D. Pa. Apr. 10, 2008). *Cf. Zippo*, 952 F. Supp. at 1126 (finding personal jurisdiction existed where defendant used website to establish accounts with approximately 3,000 forum residents, showing "purposeful

9

availment" because the defendants "repeatedly and consciously chose to process" the forum's customers' orders, knowing that doing so was "a conscious choice to conduct business with the residents of the forum state.").

Indeed, such evidence is not only vital to the first prong of the specific jurisdiction analysis, purposeful availment, but is also necessary for the second prong as well: relatedness. To establish that this Court has personal jurisdiction over Foreign Defendants based on the websites at issue, Plaintiff must not only show that Foreign Defendants made sales to forum residents, but that they specifically made sales of the allegedly infringing products to forum residents through their commercially interactive websites. *See Ackourey*, 573 F. Appx. at 212 (affirming dismissal for lack of personal jurisdiction based on the absence of evidence that forum residents utilized or accessed defendant's interactive website to schedule appointments); *R.Q.C. Ltd. v. JKM Enters.*, No. 13-cv-307, 2014 U.S. Dist. LEXIS 133225, at *13-14 (W.D. Pa. Sept. 23, 2014).

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). If "the plaintiff's claim is not clearly frivolous [as to the basis for personal jurisdiction], the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden." *Metcalfe*, 566 F.3d at 336 (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)). "[J]urisdictional discovery particularly appropriate where the defendant is a corporation." *Id.* Therefore, Plaintiff will be permitted to conduct jurisdictional discovery to ascertain whether Foreign Defendants sold allegedly infringing products to forum residents through their websites.

B.     **Motion to Stay**

"The decision to stay a patent case in which a reexamination by the PTO has been requested is within the discretion of the district court." *ICI Uniqema, Inc. v. Kobo Prods., Inc.*, No. 06-2943, 2009 U.S. Dist. LEXIS 108421, at *2 (D.N.J. Nov. 20, 2009) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)); *see also P&G v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983). "The party seeking a stay of civil litigation bears the burden to show that the stay would be appropriate." *Mondis Tech. LTD v. LG Elecs., Inc.*, No. 15-4431, 2015 U.S. Dist. LEXIS 152906, at *13 (D.N.J. Nov. 12, 2015) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

> Courts consider the following three factors in determining whether to stay a case pending reexamination of a patent: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and the trial of the case; and (3) whether discovery is complete and a trial date has been set."

*Id.* at *16 (quoting *Stryker Trauma S.A. v. Synthes (USA)*, No. 01-3879, 2008 U.S. Dist. LEXIS 23955, at *4 (D.N.J. Mar. 28, 2008)); *ICI Uniqema*, 2009 U.S. Dist. LEXIS 108421 at *3-4; *see also LMT Mercer Grp., Inc. v. McFarland Cascade Holdings, Inc.*, No. 11-0539, 2011 U.S. Dist. LEXIS 55553, at *25-26 (D.N.J. May 24, 2011) (citing cases). With respect to the remaining defendants' motion to stay, the Court finds that the balance of these factors weigh in favor of stay, as discussed in more detail below.

The first factor for consideration in analyzing a stay request is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Mondis Tech*, 2015 U.S. Dist. LEXIS 152906 at *16 (citation omitted). "The court weighs whether disadvantages from delay are outweighed by advantages from allowing the PTO to complete the reexamination process before further consideration of the district court case." *Id.* (citation

omitted). Here, Defendants argue that Plaintiff will suffer no prejudice based on the fact that its request has been made in the early stages of litigation. In opposition, Plaintiff argues that a stay will prejudice it based on (1) the delay that the reexamination process will cause and (2) the impact of Defendants' ability to continue to sell its competing products in the marketplace. Plaintiff's first objection, by itself, is not valid, as courts have repeatedly recognized that "[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Id.* at *16 (quoting *CCP Sys. AG v. Samsung Elecs. Corp.*, No. 09-4354, 2010 U.S. Dist. LEXIS 128943, at *7 (D.N.J. Dec. 7, 2010)). However, where, as here, the parties are in direct competition, the delay of the reexamination process would cause Plaintiff prejudice. *See LG Elecs. U.S.A. v. Whirlpool Corp.*, No. 09-5142, 2011 U.S. Dist. LEXIS 11488, at *2-3 (D.N.J. Feb. 4, 2011) (finding first factor weighed against stay where "[t]he parties are direct competitors and this delay would cause Plaintiffs to lose substantial profits as well as goodwill in the market. The goodwill lost during the reexamination proceedings could be difficult to measure and thus difficult to compensate fully with money damages after trial."); *Cordis Corp. v. Abbott Labs.*, No.'s 07-2265, 07-2477, 07-2728, 07-5636, 2009 U.S. Dist. LEXIS 131892, *4-5 (D.N.J. Feb. 3, 2009). The Court finds that because the parties are direct competitors, a stay of this litigation would result in prejudice to Plaintiff and, therefore, this factor weighs against staying litigation pending the reexamination of the '046 Patent.

The second factor, whether a stay will simplify the issues in question and trial of the case, weighs in favor of staying this matter pending reexamination by the PTO. "Reexamination proceedings may simplify litigation by the 'cancellation, clarification, or limitation of claims' that may eliminate the court's need to litigate whether [a defendant] has infringed one or more of the asserted claims." *Mondis Tech*, 2015 U.S. Dist. LEXIS 152906 at *19 (quoting *Ethicon*, 849 F.2d

at 1428). Indeed, courts have noted that where one or more patents at issue are under reexamination,

> [A] stay could "prevent resources from being expended on invalid or amended claims." And "even if the reexamination [does] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court." The Court need not find that all issues be eliminated by a reexamination to grant a stay; the fact that the PTO's reexaminations may create simplification in the case is a sufficient reason to support granting a stay."

*Id.* at *19-20 (citations omitted). In this matter, at least one of the patents, the '046 Patent, is underdoing reexamination by the PTO on all of its claims.[4] *See* Defs.' Reply Br., Ex. A, at 12 (granting reexamination on all 14 claims of the '046 Patent). Staying this action will allow the court to review the full prosecution history of the '046 Patent, and the PTO's analysis of prior art and the scope of the asserted claims of the '046 Patent. Moreover, the PTO may dispose of one or more of the claims raised in the '046 Patent, simplifying this case by reducing the number of patents at issue.

Finally, the third factor is uncontested and weighs in favor of stay, as discovery has not yet been completed and no trial date has been set. *See Mondis Tech*, 2015 U.S. Dist. LEXIS 152906 at *21.

Accordingly, because the balance of the relevant factors weighs in favor of a stay, the Court will grant in part Defendant's motion to stay this matter pending the outcome of the PTO's reexamination of the '046 Patent with respect to defendants Vitamin Shoppe, Inc.; Netrition, Inc.; DPS Nutrition; Supplement Central; Purus Labs, Inc.; and John's Lone Star Distribution, Inc.

### C.   Motion to Dismiss Complaint for Failure to State a Claim.

---

[4] Plaintiff alleges in its Complaint that the '187 Patent is also undergoing reexamination by the PTO, "but not with respect to the claims that are asserted in this matter against Defendants." Compl. ¶ 3. Neither Plaintiff nor Defendants have provided this Court with the Order granting reexamination of the '187 Patent, and Defendant has not contradicted Plaintiff's assertion that the PTO's reexamination of the '187 Patent is limited to claims that are not at issue in this matter.

Because the Court cannot rule yet on whether personal jurisdiction exists over Foreign Defendants, and has further determined that a stay is appropriate for the claims asserted against the remaining defendants pending the PTO's reexamination of the '046 Patent, Defendant's motion to dismiss for failure to state a claim is denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is granted in part and denied in part without prejudice.

Dated: December 29, 2015

/s/ The Honorable Freda L. Wolfson

United States District Judge